## Case No. 4,959.

### Ex parte FOSTER.

### In re REMICK.

[5 Law Rep. 406; 1 N. Y. Leg. Obs. 232.]

Circuit Court, D. Maine. Dec., 1842.

STORY, Circuit Justice. The real controversy in this case, which is a proceeding in invitum by creditors to have the debtor declared a bankrupt, is, whether there is a good and sufficient petitioning creditors' debt to support the proceedings. Two questions are presented upon the facts. As to the first, under the particular circumstances, I am satisfied, that the oath of the petitioning creditors is not sufficient to establish the existence of their debt. In the ordinary course of proceedings of this sort, the oath of the petitioners is a sufficient proof of the debt to sustain his right; but it is liable to be rebutted by counter proofs, and may be overcome by such proofs. In this case, I think the primâ facie evidence of the debt from the oath of the petitioners is completely overcome by the proofs on the other side; and, therefore, the burthen of proof is on the petitioners to establish by evidence beyond the oath, that the debt is a true and subsisting one.

As to the second question, the case clearly does not fall within the proviso of the first section of the bankrupt act of 1841, c. 9 [5 Stat. 440]. But I think, that it either falls directly within the provisions of the fifth and eighth sections of the act, or, by a close analogy, ought to be governed by similar considerations. The fifth section declares, that "the district court shall have full power to set aside and disallow any debt, upon proof, that such debt is founded in fraud, imposition, illegality or mistake." Now, it seems to me, that the very case now before this court is within the purview of this clause; and that the court is to decide the whole matter, upon examination of all the proper evidence of itself summarily, and sitting as a court of equity, with full equity powers for the purpose. The seventh section, in its introductory provisions, applies, in terms, to cases of petitions by creditors in bankruptcy against a debtor in invitum, as well as to cases of a voluntary petition by the debtor for the benefit of the act. And after having provided that "All proof of debts or other claims of creditors, entitled to prove the same by this act, shall be under oath or solemn affirmation, &c." proceeds to declare: "But all such proof of debts and other claims shall be open to contestation in the proper court having jurisdiction in bankruptcy, and as well the assignee as the creditor shall have a right to a trial by jury, upon an issue to be directed by such court to ascertain the validity and amount of such debt or claims." Now, certainly, there is some difficulty in avoiding the conclusion, that this clause of the seventh section does apply to every case, where the creditor seeks to have the fact ascertained by a jury, of the validity and amount of his claim, whatever may be the case of the debtor, where no assignee has as yet been appointed. It strikes me, therefore, that if the creditors, in the present case, should desire a trial by jury, it ought to be granted; but if not desired, then the court may proceed to decide the case of itself, as a summary proceeding in equity. But if this conclusion admitted of some doubt, it seems to me, that it furnishes so clear an analogy, that the court may well follow it, as a guide in the exercise of its general equity jurisdiction in bankruptcy. I shall direct a certificate accordingly, to the district court, as follows: (1) That upon the first question, the oath of the petitioners to the debt, is not, under the particular circumstances, without further proof, a sufficient foundation for a decree in bankruptcy. (2) That upon the second question, if the petitioning creditors desire a trial by jury under the circumstances, the court ought to grant it upon a proper issue framed for the purpose of ascertaining, whether the debt is due or not, as a matter of discretion, if not of right; but that otherwise the court may proceed to decide the case, of itself, by evidence, in a summary proceeding in equity, or may, ex mero motu, in its discretion, require the fact to be tried by a jury.